UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DORIS REDFERN-WALLACE,

                              Plaintiff,

            v.                                    DECISION AND ORDER
                                                         12-CV-471

BUFFALO NEWS and
CWA LOCAL 81,

                              Defendants.

## Introduction

        The instant matter involves allegations of employment discrimination, unfair

labor practices, and breach of a union's duty of fair representation.  Plaintiff, who

is proceeding *pro se*, filed her original complaint on May 22, 2012 and a

supplemental complaint on October 18, 2012.  The matter was referred to

Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. §636(b)(1)(B), for

supervision of all pre-trial proceedings.

        Defendant Buffalo News ("Buffalo News") filed a motion to dismiss on

February 7, 2013 and CWA Local 81 ("Local 81") filed a motion to dismiss on

February 20, 2013.  (Dkt. Nos. 11 and 19)  On May 13, 2013, Magistrate Judge

Scott issued a Report and Recommendation recommending that defendants'

motions to dismiss be granted in part and denied in part, and that plaintiff's

complaint be limited to the following: (1) a claim against the Buffalo News for an

unfair labor practice stemming from her termination on January 9, 2012; (2) a

claim against the Buffalo News pursuant to Title VII of the Civil Rights Act of 1964

for events occurring on or after December 10, 2010; and (3) a claim against Local

81 for a breach of the duty of fair representation for events occurring on or after

September 20, 2011 related to her termination and the union's investigation of it.

(Dkt. No. 30)  Magistrate Judge Scott further recommends allowing plaintiff to file

an amended complaint within 30 days of this Court's final determination with

respect to the motions to dismiss, wherein she provides an organized chronology

of the specific events and allegations that relate to the claims outlined above.  *Id.*

On May 20, 2013, Plaintiff filed objections to the Magistrate Judge's Report

and Recommendation.  (Dkt. No. 31)  Plaintiff argues that the continuing violation

theory applies and therefore the Magistrate Judge should not have dismissed

those portions of her Title VII claim which alleged incidents of discrimination

occurring before December 10, 2010.  *Id.*  On May 28, 2013 the Buffalo News

filed objections to the portion of the Report and Recommendation allowing

plaintiff to assert an unfair labor practice claim against the Buffalo News.  (Dkt.

No. 33)  Local 81 has objected to Magistrate Judge Scott's recommendation that

plaintiff's fair representation claims may cover events occurring on or after

September 20, 2011.  (Dkt. No. 35)

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made.  A district court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by a magistrate judge.

*See* 28 U.S.C. §636(b)(1).  Upon a *de novo* review, and after reviewing the

submissions from the parties, this Court adopts the findings of Magistrate Judge

Scott.  Plaintiff is directed to file an amended complaint consistent with the

directions set forth in the Conclusion of this Decision and Order.

## **Discussion**

Plaintiff's allegations arise from her employment with and termination from

the Buffalo News on January 9, 2012.[1]  As Magistrate Judge Scott noted, the

complaint and additional documents filed by plaintiff in this matter are confusing

and disjointed, but appear to allege claims of race discrimination, harassment,

and retaliation, by the Buffalo News, in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §§2000e to 2000e-17 ("Title VII").  Plaintiff also appears to

assert an unfair labor practice charge against the Buffalo News and alleges that

her former union, Local 81, discriminated against her on the basis of race when

they refused to file a grievance on her behalf.

### *Claims as to the Buffalo News*

With respect to plaintiff's Title VII claims, Magistrate Judge Scott

recommends granting, in part, the Buffalo News' motion to dismiss and limiting

---

[1]  For a complete discussion of the alleged facts and prior filings in this case, *see* Magistrate Judge Scott's Report and Recommendation dated May 13, 2013.  (Dkt. No. 30)

plaintiff's Title VII claims to alleged violations occurring on or after December 10, 2010.  Plaintiff claims that the continuing violation exception applies, and therefore she is entitled to assert allegations of discrimination and harassment arising from conduct that took place prior to December 10, 2010.

Title VII "requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency [such as the New York State Division of Human Rights ("NYSDHR")], within 300 days of the alleged discriminatory action."  *See* 42 U.S.C. §2000-5(e)(1).  Under a "continuing violation" theory, if a plaintiff files a timely charge regarding a discrete act committed in furtherance of an ongoing policy or practice of discrimination, the limitations period is tolled for all acts committed under that policy, regardless of whether those acts, standing alone, would have been barred by the statute of limitations.  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d. Cir. 1997).

A continuing violation theory may be found "where specific and related instances of discrimination are permitted by the employer or continue unremedied for so long as to amount to a discriminatory policy or practice*." Griffin v. New York City Off-Track Betting Corp.*, 2002 U.S. Dist. LEXIS 2793 (SDNY 2002); *accord Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d. Cir. 2001).  However, in order to constitute a continuing violation, the instances must be sufficiently

4

continuous in time with each other and the timely act.  *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d. Cir. 1998)

Here, plaintiff filed a complaint with NYSDHR on October 6, 2011. Plaintiff's complaint as well as the affidavit she submitted to the National Labor Relations Board ("NLRB") allege discrimination and harassment between 1997 and 2005, and starting again and continuing after September 21, 2011.  Pursuant to the 300-day rule, only those allegations which occurred on or after December 10, 2010 are considered timely.  While plaintiff contends that the continuing violation theory applies to her untimely allegations, Magistrate Judge Scott correctly determined that the approximate six-year gap in conduct is "too large for any reasonable application of the continuing violation exception."  *See e.g., Quinn*, 159 F.3d at 766 (gaps of one or more years between alleged incidents preclude a finding of continuous violation); *Little v. National Broadcasting Company, Inc.*, 210 F.Supp. 2d 330 (SDNY 2002) (isolated incidents separated by time gaps of two to three years do not constitute continuing violations).

Plaintiff's objections fail to provide any information which would connect the incidents occurring from 1997 through 2005 with those events that occurred in and after September 2011.  Therefore, this Court adopts the Magistrate Judge's finding that the continuing violation theory is inapplicable here.  Plaintiff's Title VII claims against the Buffalo News will be limited to events that allegedly occurred on or after December 10, 2010.

With respect to plaintiff's claims of unfair labor practice, Magistrate Judge Scott found that plaintiff could pursue an unfair labor practice charge against the Buffalo News in connection with her termination on January 9, 2012.  Defendant Buffalo News objects to this finding and argues that an unfair labor practice charge cannot be initiated in federal court.

Generally, the National Labor Relations Board has exclusive jurisdiction over unfair labor practice charges. [2] *Brown v. C. Volante Corp.*, 194 F.3d 351 (2d. Cir. 1999); *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539 (1988) (federal courts do not typically have jurisdiction over unfair labor practice claims).  However, Section 301 of the Labor Management Relations Act ("Section 301") provides for federal jurisdiction over suits for violation of contracts between an employer and a labor organization. *Deray v. Larson*, 283 F.Supp.2d 706 (D. Conn. 2003). Specifically, Section 301 governs the employer's duty to honor a collective bargaining agreement, as well as the union's duty of fair representation which is implied from Section 9(a) of the National Labor Relations Act.  *White v. White Rose Food*, 237 F.3d 174, 178 (2d. Cir. 2001).  In order to establish a hybrid Section 301/duty of fair representation claim, a plaintiff must prove both: "(1) that the employer breached a collective bargaining agreement; and (2) that the union breached its duty of fair

---

[2] On January 19, 2012, plaintiff filed unfair labor practice charges with the National Labor Relations Board ("NLRB") against both the Buffalo News and Local 81. In May of 2012 the NLRB dismissed plaintiff's charges as to both defendants.

representation." *Id*. at 178.  Under this theory of recovery, plaintiff "may sue the union or the employer, or both, but must allege violations on the part of both." *Id*. at 179.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor.  *Morrison v. Nat'l Austl. Bank*, 547 F.3d 167, 170 (2d Cir. 2008).  Drawing all inferences in plaintiff's favor, the complaint, supplemental complaint, and others papers submitted in support of these documents, appear to allege, or at least attempt to allege, both a breach of the collective bargaining agreement by the Buffalo News and a breach of the duty of fair representation on the part of Local 81.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) ("Submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest.").

But, as acknowledged by Magistrate Judge Scott, plaintiff's papers contain a "rambling and disjointed narrative about alleged workplace incidents that date back to 1990s", making it extremely difficult for the Court to fully ascertain the sufficiency of her allegations.  Therefore, plaintiff is instructed to file an amended complaint.  The amended complaint shall contain an organized, chronological and focused account of the alleged facts supporting her claim that the Buffalo News breached the collective bargaining agreement with respect to her termination on January 9, 2012.

7

*Claims as to Local 81*

In her complaint, Plaintiff appears to allege that Local 81 violated her rights under Title VII and breached its duty of fair representation by refusing to file a grievance on her behalf.  Magistrate Judge Scott correctly noted that plaintiff never asserted that she filed a Title VII claim against Local 81 with either the EEOC or the NYSDHR, and there is nothing in the record to indicate that she made such a claim.  Thus, any Title VII claim that plaintiff would attempt to make against Local 81 is dismissed for untimeliness and failure to exhaust administrative remedies.  Magistrate Judge Scott found, however, that plaintiff adequately alleges a claim of breach of duty of fair representation against Local 81, pursuant to 29 U.S.C. §158(b)(1).  The Magistrate Judge recommends limiting plaintiff's claims against Local 81 to a cause of action for events occurring on or after September 20, 2011, which are related to her termination and the union's subsequent investigation.

Local 81 objects to the Magistrate Judge's finding that plaintiff should be permitted to assert allegations of breach of the duty of fair representation dating back to September 2011.  Local 81 maintains that plaintiff's fair representation claim should be limited to the union's decision not to grieve her January 2012 termination, which would not include any conduct occurring in September 2011.

Plaintiff's complaint, supplemental complaint and other supporting documents seem to allege that in September 2011 defendant Buffalo News

8

began taking action that ultimately led to her termination.  Further, it appears that plaintiff was on sick leave from September 26, 2011 through the date of her separation from employment.  While it is alleged that formal written notice of plaintiff's termination was dated January 12, 2012, it is unclear as to when she was actually separated from employment, or when the decision to terminate her was actually made.

This Court is in agreement that plaintiff's claim for breach of the duty of fair representation is limited to Local 81's failure to file a grievance with respect to her termination.  However, it is unclear, based upon the disjointed and confusing nature of plaintiff's complaint, as to whether incidents which occurred in September 2011 are directly related to plaintiff's termination and the union's decision not to file a grievance on her behalf.  Without clarification, the Court is unable to ascertain the relevancy of the events beginning in September 2011 and continuing through the time of plaintiff's formal termination.  Plaintiff is instructed to include, in her amended complaint, an organized chronology explaining her termination as well as the union's investigation and its decision not to file a grievance on her behalf.

## Conclusion

For the reasons set forth in Magistrate Judge Scott's Report and Recommendation as well as the reasons discussed herein, the motions to dismiss filed on behalf of the Buffalo News and Local 81 are granted in part and

denied in part.

Plaintiff is instructed to file an amended complaint on or before August 19, 2013.  The amended complaint shall include only the following: (1) an organized, chronological and clear list of alleged Title VII violations on the part of the Buffalo News, which occurred on or after December 10, 2010 only; (2) an organized, chronological and clear description of the facts supporting her claim that the Buffalo News breached the collective bargaining agreement by terminating her employment; and (3) an organized, chronological and clear description of the facts directly related to her termination, Local 81's investigation of her termination and Local 81's decision not to file a grievance on her behalf.

Consistent with the Magistrate Judge's suggestion, the amended complaint should be typed if possible and should use numbered paragraphs to set forth an organized chronology of the alleged events.  Failure to comply with these directives may result in the dismissal of plaintiff's case.

The matter is referred back to Magistrate Judge Scott for further proceedings.

SO ORDERED.

_s/ Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 17, 2013