UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DORIS REDFERN-WALLACE,

               Plaintiff,

                                          ORDER
      v.                                        12-CV-471

THE BUFFALO NEWS, INC., and
CWA LOCAL 81,

               Defendants.

---

On May 22, 2012, the plaintiff, Doris Redfern-Wallace, commenced this action against her former employer and labor union. *See* Docket Item 1. She alleges, among other things, that The Buffalo News, Inc. ("The News"), terminated her employment because of her race or in retaliation for submitting complaints about coworkers' harassing behavior. *See* Docket Item 41 (Amended Complaint). She also alleges that CWA Local 81 breached its duties to her. *See id.* She currently is proceeding *pro se*, as she has been for most of this case.[1]

On March 9, 2016, United States Magistrate Judge Leslie G. Foschio issued a Report and Recommendation, which concluded that the defendants' pending motions for summary judgment should be granted. *See* Docket Item 110. As set forth below, this Court adopts Judge Foschio's thorough and well-reasoned Report and Recommendation in its entirety. Accordingly, the defendants' motions for summary judgment (Docket Items 99 & 100) are GRANTED.

---

[1] Pro bono counsel was appointed to assist the plaintiff with discovery. *See* Docket Item 76. But the relationship apparently soured, *see* Docket Item 85, so the plaintiff largely conducted discovery, including taking numerous witnesses' depositions, herself.

## PROCEDURAL HISTORY

On October 29, 2014, United States District Judge Richard J. Arcara referred this action to Judge Foschio for all pretrial matters, pursuant to 28 U.S.C. § 636(b)(1). *See* Docket Item 98. On October 31, 2014, the defendants filed their motions for summary judgment. *See* Docket Items 99 & 100. The plaintiff timely responded to the motions and incorporated into her response voluminous exhibits, including deposition transcripts, which she manually filed as hard-copies. *See* Docket Items 101 & 102.

On March 7, 2016, this matter was reassigned from Judge Arcara to me. *See* Docket Item 109. Two days later, on March 9, 2016, Judge Foschio issued his Report and Recommendation. *See* Docket Item 110. The plaintiff then filed objections, *see* Docket Item 111, and on March 28 and 30, 2016, the defendants filed their responses. *See* Docket Items 113 & 114. On April 19, 2016, this Court heard oral argument on the objections. *See* Docket Item 115. During that fifty-minute oral argument, the plaintiff responded to my questions, explaining her objections and allegations in detail.

## DISCUSSION

### I.   REVIEW OF REPORT AND RECOMMENDATION

This Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

The News argues that the plaintiff's objections fail to "specifically identify the portions of the proposed findings and recommendations to which objection is made." *See* Docket Item 114 at 6 (quoting Local Rule 72(b)). It is true that "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). But at the same time, "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Id.* (quoting *Milano v. Astrue,* 05-CV-6527, 2008 WL 4410131, at *2, *24 (S.D.N.Y. Sept. 26, 2008)).

In light of those principles, and under the circumstances here, a *de novo* review of Judge Foschio's recommended disposition is appropriate. After conducting that *de novo* review, which included reviewing the hard-copy deposition transcripts that the plaintiff referenced in her objections and previously submitted, I agree with and adopt Judge Foschio's March 9, 2016 Report and Recommendation.

**II.    SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant – i.e., the party seeking summary judgment – has the initial burden of showing that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It may satisfy this burden by relying on evidence in the record, "including depositions, documents, . . . [and] affidavits," Fed. R. Civ. P. 56(c)(1)(A), or by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex,* 477 U.S. at 322-23); *see* Fed. R. Civ. P. 56(c)(1)(B). Once the movant has satisfied its initial burden, "the nonmoving party must come forward with specific facts" showing that there

is a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, emphasis, and citation omitted).

A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[T]he court must view the evidence in the record in the light most favorable to the non-moving party" and must draw "all reasonable inferences in that party's favor," *see Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001), but "conclusory statements, conjecture, or speculation . . . will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996); *see also Matsushita Elec. Indus.*, 475 U.S. at 586 (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

### III.   ANALYSIS OF THE PLAINTIFF'S CLAIMS

Recognizing that *pro se* litigants are held to less stringent pleading standards, Judge Foschio liberally construed the plaintiff's complaint[2] as asserting, among other things, claims under Title VII of the Civil Rights Act of 1964 based on disparate treatment, retaliation, and a hostile work environment.  *See* Docket Item 110 at 14-16. Because the plaintiff did not present any direct evidence of employment discrimination, Judge Foschio analyzed the plaintiff's disparate treatment and retaliation claims under the three-step, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  Judge Foschio concluded (1) that the plaintiff failed to establish a prima facie case for her disparate treatment claim

---

[2] Judge Foschio also declined to deem the facts in the defendants' statements of undisputed facts to have been admitted by the plaintiff, even though the plaintiff failed to formally comply with Local Rule 56.  *See* Docket Item 110 at 15.

because her firing did not occur under circumstances that give rise to an inference of discrimination, *see* Docket Item 110 at 20, and (2) that for both the plaintiff's disparate treatment claim and her retaliation claim, she cannot prove that the legitimate, non-discriminatory, and non-retaliatory reason for her firing proffered by her employer was pretextual. *See id.* at 23, 28.

This Court agrees with those conclusions and with the other conclusions in Judge Foschio's Report and Recommendation. Based on the undisputed facts, it is clear that The News terminated the plaintiff's employment because she sent a barrage of crass and harassing text messages to her coworker, Karen Greiner, who then showed the text messages to management. There is no evidence suggesting that the plaintiff's termination in any way resulted from discrimination or retaliation, so no reasonable jury could find for the plaintiff on those claims. The plaintiff likewise failed to submit evidence raising a genuine dispute of material fact with respect to a hostile work environment claim or any claims against CWA Local 81.

At oral argument of her objections, the plaintiff rhetorically asked why she was fired when Ms. Greiner was not, referring to evidence that indicates Ms. Greiner had sent some text messages to the plaintiff on night in question. But after reviewing the record in some depth, this Court has found no evidence that Ms. Greiner responded to the plaintiff's messages in kind, or, even more importantly, that discrimination can be inferred from way The News investigated Ms. Greiner's complaint against the plaintiff.[3]

---

[3] When The News questioned the plaintiff about the text messages, she took the position that the text messages were irrelevant because they had not been sent at work. The plaintiff also said that Ms. Greiner had sent some texts to her on the night in question and that she could produce those texts. The News then gave the plaintiff an

5

At oral argument, the plaintiff also described several previous incidents – the most serious of which seem to have occurred in 1993 and 2005 – in which she complained of sexual harassment or discriminatory comments by her coworkers. More recently, she complained to management about a racial epithet appearing on a document that she handled (according to The News, a delivery label with a misspelling of the word "Niagara"). In addition, shortly before the incident that led to her termination, she complained that a coworker referred to her as a chia pet. Even viewing that evidence in the light most favorable to the plaintiff, and drawing all reasonable inferences in her favor, however, such infrequent or remote-in-time incidents – involving the conduct of employees who had nothing to do with the plaintiff's termination – are insufficient to raise a genuine dispute of material fact. And that is true with respect to the plaintiff's disparate treatment claim, her retaliation claim, and – to the extent that she is alleging one – her hostile work environment claim. *See* Docket Item 110 at 28-31 (collecting relevant cases); *Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.*, 586 F. App'x 739, 745 (2d Cir. 2014) (Summary Order) (affirming summary judgment on hostile work environment claim when "statements attributed to defendants were too infrequent and insufficiently severe," as well as on discrimination and retaliation claims); *Beshty v. Gen. Motors*, 327 F. Supp. 2d 208, 213 (W.D.N.Y. 2004) (degrading remark made by

---

opportunity to produce Ms. Greiner's texts, but the plaintiff later said that she had deleted them. Because Ms. Greiner apparently deleted them as well, her texts were not available to The News and are not in the record. Those facts might not be dispositive if there were any competent evidence in the record suggesting that Ms. Greiner sent – or that The News had reason to believe that she sent – anything to the plaintiff comparable in content to the plaintiff's crass and harassing text messages. But there is not. While it is clear based on the plaintiff's phone records and recollection that Ms. Greiner must have sent *something* to her, the plaintiff could not offer any details about what Ms. Greiner sent. Moreover, in addition to Ms. Greiner's complaint, The News had received and was investigating other coworkers' complaints about the plaintiff's conduct.

employee with no involvement in plaintiff's termination, months before the termination occurred, does not show discriminatory purpose in plaintiff's termination), *aff'd*, 144 F. App'x 196 (2d Cir. 2005).

## **CONCLUSION**

For the above reasons and those in Judge's Foschio's Report and Recommendation dated March 9, 2016 (Docket Item 110), this Court adopts that Report and Recommendation in its entirety.  The defendants' motions for summary judgment (Docket Items 99 & 100) are GRANTED, and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   August 15, 2016
        Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE